UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| PAUL DOUGLAS SWANSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 17-183-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| NANCY A. BERRYHILL, Acting | ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of cross-motions for summary judgment. Plaintiff Paul Douglas Swanson contends the administrative law judge ("ALJ") assigned to his case erred by denying claims for disability income benefits ("DIB") and supplemental social security income ("SSI"). [Record No. 11] He asks the Court to direct a finding of disability or remand the matter for further administrative proceedings. Defendant Nancy A. Berryhill, Acting Commissioner of Social Security ("the Commissioner") argues that the ALJ's decision is supported by substantial evidence and should be affirmed. [Record No. 13] For the reasons that follow, the Commissioner's motion will be granted and the relief Swanson seeks will be denied.

**I.**

Swanson filed concurrent applications for a period of disability and DIB under Title II of the Social Security Act ("the Act") and SSI under Title XVI of the Act on January 28, 2014. [Administrative Transcript, "Tr.," 61, 71][1] He alleged a disability beginning in April 2013.

---

[1] Swanson's Application for DIB and Application for SSI are dated February 6, 2014. [Tr. 218, 224] However, the SSA has consistently used January 28, 2014, as the date of his initial claim for disability. [Tr. 12, 61, 71, 85, 96] For consistency, the Court will use January 28, 2014, as the relevant date.

[Tr. 220] The Social Security Administration ("SSA") denied his applications initially and upon reconsideration. [Tr. 61, 71, 85, 96] Swanson then pursued and exhausted his administrative remedies. His case is now ripe for this Court's review under 42 U.S.C. §§ 405(g), 1383(c)(3).

Swanson was 49 years-old at the time of the ALJ's decision. [Tr. 37] He has a high school education and has worked primarily as a roof bolter for several different coal mining operations over a period of 23 years. [Tr. 48] Swanson's job required that he lift in excess of 50 pounds repetitively, for ten to twelve hours a day. [Tr. 38] In addition to roof bolting, he had other job duties such as "rock dusting", "building brattice", and would often times "muck the belts". All of these activities involved heavy lifting. [Tr. 46-47] Swanson reported in his application for benefits that he is unable to work due to knee pain, immobility and pain in toes on both feet, pain and stiffness in both hands, pain and stiffness in both feet, and anxiety. [Tr. 278] Swanson reports that he suffers from back pain, and breathing problems. [Tr. 40-42]

The Claimant's pertinent medical history is summarized as follows: Diagnostic imaging in June 2014, indicated signs of degenerative arthritis, but no evidence of carpal tunnel syndrome and an intact triangular fibrocartilage. [Tr. 472] X-rays revealed mild diffuse lumbar spondylosis in January 2015. [Tr. 589] X-rays of Swanson's knee showed no bony abnormalities or joint effusion in April 2015. [Tr. 593] An MRI in September 2015, revealed mild diffuse bulging at L2-L3 and lateral recess narrowing at L4-L5, secondary to adjacent facet arthropathy, but there was no indication of significant spinal stenosis or nerve root impingement. [Tr. 595] Dr. Hardi's examinations of Swanson in 2015 and 2016, indicated tenderness in both wrists and several MCP joints, but he otherwise consistently noted a normal joint exam with normal gait and range of motion. [Tr. 566-68, 643-46, 720-23]

Swanson has been treated for pain and arthritis by orthopedist Kirpal Sidhu, M.D., and rheumatologists Lucia Hardi, M.D., during the relevant period. Dr. Sidhu and Dr. Hardi have prescribed Swanson several medication for these conditions. [Tr. 515, 566, 579, 644] Dr. Sidhu noted in July 2014, that medication helped Swanson's complaints of pain and caused no side effects. [Tr. 493] Additionally, Dr. Sidhu indicated in May 2015 that the medication helped control pain the most in his right hand, but also in Swanson's right knee, feet, and neck. [Tr. 579] Swanson's primary care provider, Greg Dye, M.D., noted that in August 2015 Swanson's arthritis was somewhat better with medication and was under fair control. [Tr. 607]

Swanson also has a history of breathing problems diagnosed as chronic pulmonary obstructive disease ("COPD"), asthma, or black lung. He has been prescribed several inhalers to assist breathing. [Tr. 600, 695, 734] The results of Swanson's pulmonary function test in October 2014 were within normal limits. [Tr. 532] However, chest x-rays in December 2015, showed findings compatible with COPD. [Tr. 682] Records indicate that Swanson's breathing problems have consistently been under fair control throughout 2015. [Tr. 541, 608, 641] He was hospitalized in December 2015 for treatment of pneumonia. Swanson signed himself out of the hospital against medical advice after treatment with inhalation therapy and IV antibiotics. [Tr. 697] A follow-up CT scan in January 2016 indicated findings that raised the possibility of simple coalworkers' pneumoconiosis. [Tr. 777]

State agency physician Donna Sadler, M.D., reviewed Swanson's file in July 2014 and concluded that he had the Residual Functional Capacity ("RFC") to perform medium work. [Tr. 92] She concluded, however, that Swanson's statements regarding the severity of his symptoms were only partially credible because they were not consistent with the objective evidence. *Id*.

Swanson testified during the administrative hearing that he has not been able to work due to pain in his hands, knees, and back. [Tr. 40] He testified that he had trouble breathing, but that he quit smoking only recently. [Tr. 42] He claimed that his pain medication somewhat helped, but that his normal level of pain was a six or seven on a scale of one to ten. [Tr. 43] Swanson stated that while he did graduate high school, he could not read or spell. [Tr. 45] He testified that he lays down with a heating pad five to six times a day for around thirty to forty-five minutes. [Tr. 49] Swanson also testified that he has quite a bit of trouble hearing. [Tr. 51]

The ALJ concluded that Swanson had the following severe impairment: cervical and lumbar degenerative disc disease with lumbar bulging, rheumatoid arthritis, arthritis/carpal tunnel syndrome of the right hand/wrist post-release, history of fusion of the second distal phalanx of the left hand and partial amputation of the left index finger, COPD with diffuse interstitial lung disease/black lung, asthma, and obesity. [Tr. 14] Considering the evidence of record and Swanson's testimony during the administrative hearing, the ALJ determined that he had the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) except:

> he can lift life and carry up to twenty points occasionally and lift or carry up to ten pounds frequently; stand and/or walk for six hours out of an eight-hour workday; and sit for six hours out of an eight-hour workday. The claimant can frequently reach overhead and in all other directions bilaterally; and can frequently handle, finger, and feel bilaterally. The claimant should never climb ladders, ropes, and scaffolds; and can occasionally climb ramps and stairs, balance, stoop, kneel, crouch and crawl. The claimant should never work at unprotected heights or with moving mechanical parts; and can occasionally work in vibration. The claimant should never be exposed to humidity/wetness, dust, fumes and pulmonary irritants, extreme cold and extreme heat.

[Tr. 16] Although Swanson could not perform any of his past work, the ALJ determined there were jobs that existed in significant numbers in the national economy that he could perform. [Tr. 21] As a result, the ALJ concluded that he had not been under a disability from April 1, 2013, through the date of the ALJ's decision. [Tr. 22]

## II.

A "disability" is defined under the Act as "the inability to engage in 'substantial gainful activity' because of a medically determinable physical or mental impairment of at least one year's expected duration." *Cruise v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007) (citing 42 U.S.C. § 423(d)(1)(A)). In determining whether a claimant is "disabled" and entitled to supplemental income, he must first demonstrate that he is not engaged in substantial gainful employment at the time of the disability application. 20 C.F.R. §§ 404.1520(b), 416.920(b). Second, the claimant must show that he suffers from a severe impairment or a combination of impairments. 20 C.F.R. §§ 404.1520(c), 416.920(c). Third, if the claimant is not engaged in substantial gainful employment and has a severe impairment which is expected to last for at least twelve months and which meets or equals a listed impairment, he will be considered disabled without regard to age, education, and work experience. 20 C.F.R. §§ 404.1520(d), 416.920(d). Fourth, if the claimant has a severe impairment but the Commissioner cannot make a determination of the disability based on medical evaluations and current work activity, the Commissioner will review the claimant's RFC and relevant past work to determine whether he can perform her past work. 20 C.F.R. §§ 404.1520(e), 416.920(e). If he can, he is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f).

If the claimant's impairments prevent him from doing past work, the Commissioner will consider his RFC, age, education, and past work experience to determine whether he can perform other work under the fifth step of the analysis. If he cannot perform other work, the Commissioner will find the claimant disabled. 20 C.F.R. §§ 404.1520(g), 416.920(g). "The Commissioner has the burden of proof only on 'the fifth step, proving that there is work available in the economy that the claimant can perform.'" *White v. Comm'r of Soc. Sec.*, 312 F. App'x 779, 785 (6th Cir. 2009) (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

A court reviewing a denial of Social Security benefits must only determine whether the ALJ's findings were supported by substantial evidence and whether the correct legal standards were applied. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). Substantial evidence is such relevant evidence as reasonable minds might accept as sufficient to support the conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). The Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).

## III.

Swanson argues that the ALJ's credibility determination is not supported by substantial evidence. Specifically, he asserts that the ALJ failed to properly evaluate his alleged subjective complaints of pain and that, as a result, the ALJ improperly concluded that Swanson was not disabled. An ALJ may consider the credibility of the claimant when evaluating the claimant's subjective complaints. *See* Cruise *v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) ("[a]n ALJ is not required to accept a claimant's subjective complaints and may . . . consider the credibility of a claimant when making a determination of disability."). The ALJ's

determinations regarding a claimant's credibility are accorded significant deference "since the ALJ is charged with observing the claimant's demeanor and credibility." *Id.* (citation omitted). These findings will be upheld if they are supported by substantial evidence. *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 714 (6th Cir. 2012).

The ALJ determined that Swanson's claims regarding the intensity, persistence, and limiting effects of his symptoms were not credible. This determination is supported by substantial evidence. The medical records demonstrate that Swanson's pain was managed and controlled by prescribed medication. Swanson indicated to his doctors on multiple occasions that his medications helped his pain. [*See, e.g.*, Tr. 493, 579, 607, 644, 722.] Additionally, the medical records lack objective medical evidence to support Swanson's disabling claims of back pain. Diagnostic imaging revealed only mild diffuse bulging at L2-L3 and lateral recess narrowing at L4-L5, secondary to adjacent facet arthropathy, but there was no indication of significant spinal stenosis or nerve root impingement. [Tr. 595] Conservative treatment consisting of medication is all that has been recommended. Likewise, the ALJ determined Swanson's alleged breathing problems were also less limiting that Swanson claims. The medical records show that Swanson's breathing problems have consistently been under "fair control." [Tr. 541, 608, 641] Further, physicians repeatedly reported that Swanson was smoking a number of cigarettes daily, that they advised him to refrain from doing so, and offered him medical help to quit, which he refused. [Tr. 716, 736]

Swanson's inconsistent statements regarding his daily activities also support the ALJ's conclusion that Swanson was capable of performing light work, and undermine his assertions that he is disabled. Swanson reported that he is able to drive, go grocery shopping, travel to

the post office daily, go to the bottom of the hill to check the mail, watch TV, and take care of his own personal needs. [Tr. 302-06]

Swanson also makes the conclusory assertion that he the ALJ's determination is not supported by substantial evidence. But he makes no attempt to expand on this argument, other than to recite the standard of review and to reiterate that he suffers from a long list of medical ailments. Accordingly, this issue is waived. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.").

Even if the substantial evidence argument had been properly raised, it would fail as being meritless. For the reasons previously discussed, substantial evidence supports the ALJ's determination. The ALJ thoroughly considered and discussed each of Swanson's conditions, and reasoned that they did not prevent him from being able to perform light work with some added limitations. This conclusion is supported by the previously-discussed medical record and Swanson's own report of his daily activities. Swanson fails to identify any portion of the record that would establish that he is unable to perform light work.

**IV.**

The ALJ's credibility determination is supported by substantial evidence. Likewise, the ALJ's determination that Swanson is not disabled is supported by substantial evidence. Accordingly, it is hereby

**ORDERED** as follows:

1.  The Commissioner's Motion for Summary Judgment [Record No. 13] is **GRANTED**.

2. The plaintiff's motion for Summary Judgment [Record No. 11] is **DENIED**.

This 9th day of February, 2018.

